# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MATTHEW ELLISON, *et al.*,

        Plaintiffs,

vs.                                       Civ. No. 02-127  MV/LFG

GAB ROBINS, INC.,

        Defendant.

JOHN W. LANE
   and JOHN (JACK) MCKEON,

        Plaintiffs,

vs.                                       Civ. No. 03-348 MCA/RLP

GAB ROBINS, INC.,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Nine

Plaintiffs Who Failed to Comply With Their Discovery Obligations, filed May 30, 2003,

**[Doc. No. 64]**.  The Court, having considered the motion, briefs, relevant law and being otherwise

fully informed, finds that Defendant's motion is well-taken and will be **GRANTED in part.**

## BACKGROUND

This case involves the overtime claims of over forty plaintiffs ("Plaintiffs") who were employed by Defendant GAB Robins North America, Inc., ("GAB"), as Claims Reviewers on the Cerro Grande Fire project. Plaintiffs filed their Complaint on June 12, 2001. On February 28, 2003, the Court entered an order extending discovery an additional sixty days (until April 7, 2003); authorizing GAB to depose each plaintiff; granting Plaintiffs twenty days to respond to outstanding discovery; and stating that Plaintiffs "are required to comply with their discovery obligations or withdraw from this lawsuit." *Id.* Nine plaintiffs subsequently failed to comply with their discovery obligations. GAB hereby seeks dismissal of these plaintiffs pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.

## DISCUSSION

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure permits a court to issue "[a]n order ... dismissing the action" "[i]f a party ... fails to obey an order to provide or permit discovery." Dismissal is a harsh sanction appropriate only in cases of willful misconduct. *See M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987) ("Because a default judgment is a harsh sanction, due process requires that "failure" is a sufficient ground only when it is the result of 'wilfullness, bad faith, or [some] fault of petitioner' rather than inability to comply"). The Tenth Circuit has "defined a willful failure as 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'" *Id.* at 872-73 (quoting *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)).

The Court must ensure that default judgment is a "just" sanction for the offending party's misconduct. *See Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) (discussing dismissal of

claims as a sanction under Rule 37(b)(2)).  Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *Id.* at 920-21.  "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade v. Grubbs*, 841 F.2d 1512, 1521, n.7 (10th Cir. 1988) (internal citations omitted).  These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. *Ehrenhaus*, 965 F.2d at 920-21.

GAB's motion seeks dismissal of the following Plaintiffs for failure to comply with their discovery obligations:

1.  J.J. Altier

Plaintiffs' counsel filed an Opt Out for Mr. Altier on August 16, 2002, [Doc. No. 22]. Consequently, Mr. Altier is no longer a plaintiff in this action and Defendant's motion seeking to dismiss Mr. Altier is moot.

2.  George Piper

Plaintiffs concede that George Piper has requested to be excluded from this action and should not be a plaintiff.  The Court, therefore, will grant Defendant's motion to dismiss Mr. Piper from this action.

3.  David and Elizabeth Onstad

David and Elizabeth Onstad failed to attend their depositions or provide written discovery

responses.  In a March 17, 2003 letter to Defendant, Plaintiffs' counsel stated that "[y]ou will find

no paper discovery responses from Mr. Onstad, who has withdrawn from this litigation.  We will

be filing his withdrawal of opt-in shortly . . . You will find no paper discovery responses from

Mrs. Onstad, who has withdrawn from this litigation.  We will be filing her withdrawal of opt-in

shortly."  A week later, Plaintiffs' counsel sent a letter confirming a proposed deposition schedule,

which stated that "David Onstad--wants to dismiss his claims" and "Elizabeth Onstad--wants to

dismiss her claim."  Plaintiffs' counsel, however, never filed a withdrawal of opt-in for Mr. Onstad

or Mrs. Onstad.

The Onstads have failed to comply with their discovery obligations and have proffered no

good cause for this failure.  Furthermore, Plaintiffs' counsel have twice indicated to Defendant

that the Onstads intended to withdraw as plaintiffs.  Under these circumstances, the Court will

grant Defendant's motion to dismiss the Onstads as plaintiffs in this action pursuant to

Rule 37(b)(2)(c) and Rule 41(b) of the Federal Rules of Civil Procedure.

3.  Perry Smith, Don White, Gary Bryan Fleming, and Russell Lott

The Court's February 28, 2002 Order admonished Plaintiffs that they must comply with

their discovery obligations or withdraw from the lawsuit.  This statement put Plaintiffs on notice

that their claims may be dismissed for noncompliance with discovery obligations.  Despite this

warning, Plaintiffs Perry Smith, Don White, Gary Bryan Fleming, and Russell Lott ("Non-

Appearing Plaintiffs") provided written discovery responses but failed to appear for their

depositions.  The Non-Appearing Plaintiffs assert that they failed to appear for their depositions

because they were unable to attend at the times requested by GAB.

Plaintiffs contend that the Non-Appearing Plaintiffs should not be dismissed for failing to

4

attend their depositions because GAB has not been prejudiced by the absence of their deposition

testimony.  According to Plaintiffs, since there is no trial date set for this action, the Non-

Appearing Plaintiffs can "supplement" discovery outside the discovery period without causing any

prejudice to GAB.  Furthermore, Plaintiffs contend that there is no prejudice to GAB because the

Non-Appearing Plaintiffs' deposition testimony will be cumulative and redundant.

Plaintiffs' offer to "supplement" discovery by having the Non-Appearing Plaintiffs appear for their

depositions outside the discovery period does not cure the prejudice to GAB.  GAB was

prejudiced by these plaintiffs' failure to appear for their depositions when GAB was unable to use

their deposition testimony in its summary judgment opposition and cross-motion.  Further,

Plaintiffs' argument that there is no prejudice to GAB because the Non-Appearing Plaintiffs'

deposition testimony would have been cumulative and redundant is entirely speculative.  In the

February 28, 2003 Order, the Court explicitly stated that GAB had a right to depose each and

every plaintiff in this action.  Plaintiffs' opinion that the Non-Appearing Plaintiffs' testimony is

cumulative and redundant is irrelevant and provides no justification for their failure to comply

with the Court's Order.

      The Non-Appearing Plaintiffs' failure to comply with their discovery obligations has also

interfered with the judicial process.  If litigants were allowed to ignore Court orders, the Court

could not administer orderly justice.  In addition, the Non-Appearing Plaintiffs' conduct has

caused further delays in the ultimate disposition of a case that has been pending for over three

years.

      The remaining question is whether dismissal is a just sanction for the Non-Appearing

Plaintiffs' discovery violations.  Because the prejudice to GAB can be cured by permitting GAB

to depose these plaintiffs and supplement its summary judgment filings, the Court will not dismiss the Non-Appearing Plaintiffs' claims. The Court, however, will require that the Non-Appearing Plaintiffs appear for their depositions at GAB's preferred location within the next two weeks as well as bear all costs associated with the taking of these depositions as a Rule 37 sanction.

     5. Mary Ellen Mills

     Plaintiff Mary Ellen Mills opted in to this action on March 30, 2002. Ms. Mills then failed to contact her counsel for over a year "due to a sudden and unexpected change in her life, as well as a geographic move." Plaintiffs' response asserts that they located Ms. Mills again on April 5, 2003--more than twenty days after the deadline established by the Court for Plaintiffs to respond to outstanding discovery requests--and "anticipate receiving Ms. Mills' responses at any time." Over a year has passed since this statement and there is no indication in the record that Ms. Mills' responses have been served. For the same reasons discussed above, however, the Court will not dismiss Ms. Mills' claims at this time. Ms. Mills will be given ten days from the date of this Order to file any outstanding discovery responses. If Ms. Mills' discovery responses are not filed in the time provided, Ms. Mills will be dismissed from this action with prejudice.

## <u>CONCLUSION</u>

     **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Nine Plaintiffs Who Failed to Comply With Their Discovery Obligations, filed May 30, 2003, **[Doc. No. 64]** is hereby **GRANTED in part.** Plaintiffs David Onstad, Elizabeth Onstad, and George Piper are dismissed from this action with prejudice.

     **IT IS FURTHER ORDERED** that that Plaintiffs Gary Bryan Fleming, Russell Lott, Perry Smith and Don White appear for deposition at GAB's preferred location within two weeks

of the date of this Order.  Plaintiffs shall bear all costs associated with the taking of these

depositions.  If any of these plaintiffs fails to appear for his deposition within this two-week

period without obtaining prior approval from the Court, which will be granted only under the

most exigent of circumstances, he will be dismissed from this case with prejudice.

   **IT IS FURTHER ORDERED** that Plaintiff Mary Ellen Mills respond to any outstanding

discovery requests within ten days of the date of this Order.  If Ms. Mills fails to respond to

outstanding discovery within this time period, she will be dismissed from this action with

prejudice.

   **IT IS FINALLY ORDERED** that the parties will have ten days from the date of the last

deposition to supplement their summary judgment filings with any new deposition testimony.

   Dated this 4th day of  November, 2004.


_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE




Attorneys for Plaintiffs:
   Joseph E. Fieschko, Jr., Esq.
   Turner W. Branch, Esq.
   James A. Noel, Esq.

Attorneys for Defendant:
   Allison Blakley, Esq.
   Jeff Goldman, Esq.
   Thomas L. Stahl, Esq.